## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| STEPHEN P.,[1] | : | Case No. 3:20-cv-00201 |
| Plaintiff, | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ORDER

## I.     INTRODUCTION

Plaintiff filed an application for Supplemental Security Income (SSI) on

September 22, 2016. Plaintiff's claim was denied initially and upon reconsideration.

After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that

Plaintiff was not eligible for benefits because he was not under a "disability" as defined

in the Social Security Act. The Appeals Council denied Plaintiff's request for review.

Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award

of benefits or, in the alternative, for further proceedings. The Commissioner asks the

Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Statement of Errors (Doc. 12), the Commissioner's Memorandum in Opposition (Doc. 15), Plaintiff's Reply (Doc. 16), and the administrative record (Doc. 10).

## II.    BACKGROUND

Plaintiff asserts that he has been under a disability since May 20, 2011.[2] He was forty-four years old on the date the application was filed.  Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 416.963(c). Plaintiff has a "high school education and above." *See* 20 C.F.R. § 416.964(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 10-2, PageID 55-73), Plaintiff's Statement of Errors (Doc. 12), the Commissioner's Memorandum in Opposition (Doc. 15), and Plaintiff's Reply (Doc. 16). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III.    STANDARD OF REVIEW

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can

---

[2] Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. Thus, the relevant period of consideration in this case begins on September 22, 2016. See 20 C.F.R. § 416.335; *Koster v. Comm'r of Soc. Sec.*, 643 Fed. Appx. 466, 478 (6th Cir. 2016) ("For purposes of SSI, which is not retroactive, the relevant period here is . . . the date [Plaintiff] filed his protective application.").

be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id.*

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted).

3

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV. THE ALJ'S DECISION

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. The ALJ made the following findings of fact:

> Step 1:    Plaintiff has not engaged in substantial gainful activity since September 22, 2016, the SSI application date.
>
> Step 2:    He has the severe impairments of "osteoarthritis of the right hip with residuals of total hip replacement, gout, osteoarthritis and ligament tear of the left ankle, chronic obstructive pulmonary disease (COPD), anxiety disorder, and major depressive disorder."
>
> Step 3:    He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4:    His residual functional capacity (RFC), or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of sedentary work as defined in 20 CFR

4

§ 416.967(a), subject to the following limitations: "(1) sit or stand alternatively for up to [fifteen] minutes every hour; (2) use of a cane required for ambulation only; (3) no crawling or climbing of ladders, ropes, or scaffolds; (4) occasional balancing, stooping, crouching, kneeling, and climbing ramps and/or stairs; (5) avoid concentrated exposure to environmental irritants, such as fumes, odors, dust, gases, poorly-ventilated areas, and industrial chemicals; (6) avoid hazardous machinery and unprotected heights; (7) work is limited to simple, routine, and repetitive tasks; (8) limited to work performed in work environment free from fast-paced production requirements, involving only simple, work-related decisions with few, if any workplace changes; and (9) occasional interactions with the public and coworkers, but no tandem tasks."

He has no past relevant work.

Step 5:    Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.

(Doc. 10-2, PageID 58-72.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 72-73.)

## V.    ANALYSIS

Plaintiff contends, among other alleged errors, that the ALJ "failed to identify obesity as a severe impairment at Step Two and to consider it [at] all stages of the sequential evaluation." (Doc. 12, PageID 2425.)  The Court agrees that the ALJ erred by failing to evaluate obesity in accordance with the applicable regulations. The Court does not address Plaintiff's other alleged errors and, instead, instructs the ALJ to address all of them on remand.

A.    **Applicable Law**

Social Security Ruling (SSR) 02-01p, 2002 WL 34686281 (Sept. 12, 2002),[3]

governs an ALJ's consideration of obesity at Steps Two through Five of the sequential

evaluation analysis.[4] To establish obesity as a "medically determinable impairment," an

ALJ will generally "accept a diagnosis of obesity given by a treating source or by a

consultative examiner," absent evidence to the contrary. *Id.* at *3. When deciding

whether an individual has obesity, an ALJ will consider the individual's weight over

time. *Id.* at *4. An ALJ will consider an individual obese as long as the person's weight

or BMI "shows essentially a consistent pattern of obesity." *Id.*

Obesity is a "severe" impairment at Step Two when, "alone or in combination

with another medically determinable physical or mental impairment(s), it significantly

limits an individual's physical or mental ability to do basic work activities." SSR 02-01p,

2002 WL 34686281, at *4 (Sept. 12, 2002). At Step Three, a listing is met if a claimant

has "an impairment that, in combination with obesity, meets the requirements of a

listing." *Id.* at *5. Obesity, by itself or in combination with other impairments, may be

"equivalent in severity to a listed impairment." *Id.* An ALJ "will not make assumptions

---

[3] The Social Security Administration (SSA) rescinded and replaced SSR 02-1p with SSR 19-2p in May 2019. However, prior rule SSR 02-1p still applies in this case. The text of the new rule states: "We will apply this notice on May 20, 2019." SSR 19-2p, 2019 WL 2374244 (May 20, 2019). The SSA further explained in a footnote that SSR 19-2p applies "to new applications filed on or after the applicable date of the SSR and to claims that are pending on or after the applicable date." *Id.* at *5. However, the SSA further stated: "We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions." *Id.* Accordingly, because the decision in this case was issued on March 1, 2019, when the prior rule was in effect, this Court will review the decision using prior rule SSR 02-1p.

[4] Although SSRs do not have the same force and effect as statutes or regulations, they are binding on all components of the Social Security Administration. 20 C.F.R. § 402.35(b)(1).

6

about the severity or functional effects of obesity combined with other impairments." *Id.* at *6. Instead, an ALJ "will evaluate each case based on the information in the case record." *Id.*

The SSR recognizes that obesity can cause "limitation of function." SSR 02-01p, 2002 WL 34686281, at *6 (Sept. 12, 2002). Obesity may limit exertional, postural, and manipulative functions, as well as the "ability to perform routine movement and necessary physical activity within the work environment," or to "sustain a function over time." *Id.* When obesity is a medically determinable impairment, the ALJ will "consider any functional limitations resulting from the obesity in the RFC assessment, in addition to any limitations resulting from any other physical or mental impairments that we identify." *Id.* at *7. The SSR further states: "As with any other impairment, [the ALJ] *will* explain how [he] reached [his] conclusion on whether obesity caused any physical or mental limitations." *Id.* (emphasis added).

An ALJ need not use any "particular mode of analysis" or conduct a "separate procedure" when assessing the effect of obesity. *Bledsoe v. Barnhart*, 165 F. App'x 408, 411-12 (6th Cir. 2006); *Austin v. Comm'r of Soc. Sec.*, 714 F. App'x 569, 573-74 (6th Cir. 2018). However, an ALJ must "consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (citing *Bledsoe*, 165 F. App'x. at 411-12). "This is more than a requirement that the [ALJ] mention the fact of obesity in passing." *Shilo v. Comm'r of Soc. Sec.*, 600 F. App'x 956, 959 (6th Cir. 2015) (internal quotations and citation omitted). Instead, the ALJ must conduct at least some analysis for claimants

7

with obesity. *Stone v. Comm'r of Soc. Sec.,* No. 3:12-CV-197, 2013 WL 5424772, *2 (S.D. Ohio Sept. 26, 2013) (Rice, D.J.) ("While the Court agrees with the Magistrate Judge's conclusion that '[i]t is a mischaracterization to suggest that SSR 02-1p . . . offers any particular procedural mode of analysis for obesity claimants,' some analysis of the aggravating tendencies on function caused by obesity, in conjunction with . . . all other severe impairments found by the Hearing Officer, must be performed.")

### B.     Analysis

In this case, the medical records consistently document BMI levels of well above 30 (*see, e.g.*, Doc. 10-14, PageID 2213, 2222), which equate to a classification of obesity pursuant to the medical criteria established by the National Institutes of Health. SSR 02-01p, 2002 WL 34686281, at *2 (Sept. 12, 2002). Further, on many occasions, Plaintiff's BMI exceeded 40 (*see, e.g.,* Doc. 10-10, PageID 1156; Doc. 10-13, PageID 2088, 2099, 2102), which indicates "extreme" obesity. SSR 02-01p, 2002 WL 34686281, at *2. While not necessarily indicative of any specific degree of functional loss, these high BMI levels represent the greatest risk for developing obesity-related impairments. *Id.*

Plaintiff's providers diagnosed obesity, recommended weight loss, and documented musculoskeletal and neurological abnormalities on several occasions. For example, family physician Dr. Heckler referenced an "above normal" BMI of 42.04 and provided dietary education in April 2017. (Doc. 10-10, PageID 1156-57.) A physical examination at that time showed left knee end-range pain, as well as decreased strength and atrophy of the left quadriceps muscle. (*Id.* at PageID 1156.) Another provider diagnosed obesity and provided dietary counseling in May 2017. (Doc. 10-15, PageID

2420.) In December 2017, Plaintiff's pain management provider reported that a physical examination showed obesity, lumbar tenderness to palpation, positive straight leg raising, and an irregular gait. (Doc. 10-13, PageID 2166.) That provider subsequently reported that Plaintiff appeared morbidly obese in November 2018. (Doc. 10-13, PageID 2120.) She also documented tenderness, limited range of motion of the back, and an irregular gait upon examination. (*Id.* at PageID 2120-21.)

Despite these documented findings of obesity, the ALJ did not mention Plaintiff's weight or evaluate whether Plaintiff's obesity is a severe impairment at Step Two. (Doc. 10-2, PageID 58-59.) The ALJ referenced obesity and SSR 02-1p only summarily and in passing at Step Three:

> Further, State Agency medical consultants who reviewed the evidence of record in response to the claimant's initial application and request for reconsideration concluded that the severity of the claimant's impairments did not equal the severity of any impairment described in Appendix 1, Subpart P, Regulations No. 4 (Exhibits B-4-A and B-6-A). Inherent in their consideration was the effect of obesity on the claimant's other physical impairments as required by Social Security Ruling SSR 02-lp. It is found that the opinions of the reviewing consultants are correct as to that issue and they are incorporated as a finding.

(Doc. 10-2, PageID 60.) The ALJ did not refer to obesity or SSR 02-1p in his RFC analysis. (*Id.* at PageID 66-71.)

The ALJ's cursory analysis is similar to the facts in *Stone v. Comm'r of Soc. Sec.,* No. 3:12-CV-197, 2013 WL 5424772 (S.D. Ohio Sept. 26, 2013) (Rice, D.J.). In that case, the ALJ gave what this Court described as a "passing reference" to SSR 02-1p by merely acknowledging that obesity "'constitutes an impairment that results in functional limitations as provided' in that Ruling," and "acts to aggravate symptoms of his other

documented impairments." 2013 WL 5424772, at *2. This Court found that the ALJ's analysis did not sufficiently evaluate the claimant's obesity under SSR 02-1p. *Id.*

Here, the ALJ's analysis fell short of even the unsatisfactory analysis in *Stone*. The ALJ in this case only addressed obesity in passing at Step 3, when he stated that the consultants' opinions "inherent[ly]" included consideration of the claimant's obesity. (Doc. 10-2, PageID 60; *see also* 02-01p, 2002 WL 34686281, at *5.) The ALJ did not consider whether obesity was a severe impairment at Step Two. Nor did he refer to Plaintiff's obesity in the RFC analysis. Nor did he acknowledge, as required by SSR 02-1p, that Plaintiff's obesity may result in functional limitations or aggravate symptoms of his other impairments. *See* 2013 WL 5424772, at *2. SSR 02-1p requires more than a passing reference to obesity. *Shilo v. Comm'r of Soc. Sec.*, 600 F. App'x 956, 959 (6th Cir. 2015). The ALJ's failure to conduct any meaningful analysis of Plaintiff's obesity constitutes reversible error.

Defendant argues that the ALJ's failure to consider obesity does not require reversal because he afforded partial weight to the opinions of the State agency medical consultants – who did consider obesity – and he determined that Plaintiff was more limited than they had opined. (Doc. 15, PageID 2450-51.) For support, Defendant cites *Bledsoe*, 165 F. App'x at 412, and *Sanders v. Berryhill*, 3:16-CV-263, 2017 WL 10808813, at *4 (S.D. Ohio Aug. 15, 2017) (Rice, D.J.), aff'd sub nom., *Sanders v. Comm'r of Soc. Sec.*, 17-4079, 2018 WL 5099229 (6th Cir. 2018).)

*Bledsoe* is factually distinguishable. In that case, the ALJ explicitly mentioned the claimant's obesity in his factual findings, addressed obesity at Step Two, and found that it

10

was a non-severe impairment. 165 F. App'x at 411. Here, by contrast, the ALJ did not

mention obesity in his factual findings except for the passing reference quoted above.

(Doc. 10-2, PageID 60.) He also did not evaluate obesity at Step Two. (*Id*. PageID 58-

59.) Further, the consultants in this case did not expressly consider obesity as they did in

*Bledsoe*—instead, they merely cited to a few BMI calculations in the record. (Doc. 10-3,

PageID 139, 140, 145-46, 162-63). The consultants did not recognize obesity as an

alleged impairment, and they did not acknowledge obesity as either a severe or non-

severe impairment. (*Id.* at PageID 133-34, 142, 152, 159.)

Further, the ALJ in this case did not credit the consultants' findings regarding

obesity like the ALJ did in *Bledsoe.* Instead, the ALJ gave the consultants' opinions only

partial weight. (Doc. 10-2, PageID 71.) Although the ALJ provided a detailed explanation

of why he disagreed with the consultants' assessment and why additional limitations were

warranted to account for Plaintiff's physical conditions, he did not mention obesity. (*Id.*

at PageID 67-68.) His silence on the issue of obesity makes *Bledsoe* inapplicable.

*Sanders* is also distinguishable. The ALJ in that case incorporated limitations from

the consultative physician who opined that the plaintiff's "restricted and painful motions

were 'coming rather from her unusual morbid obesity." 2017 WL 10808813, at *4. In this

case, the ALJ did not incorporate any limitations into the RFC that a medical source had

specifically attributed to Plaintiff's obesity. As discussed above, the State agency medical

consultants did not specifically evaluate Plaintiff's obesity in their assessments. Thus,

*Sanders* does not excuse the ALJ's failure to address obesity as required by SP 02-1p.

Nor is Defendant's argument supported by SP 02-1p. To the contrary, this Social Security Ruling instructs ALJs not to make any assumptions about the impact of obesity, but instead to "evaluate each case based on the information in the case record." 2017 WL 10808813, at *6. This requirement means that an ALJ must conduct his own evaluation of the information in the administrative record, including but not limited to the opinions of consultants, when determining the effect of obesity on a claimant's limitations. That was not done here. Thus, Defendant's argument is not well-taken.

Finally, Defendant argues that the ALJ's decision should be upheld because Plaintiff did not "establish [that] any additional limitations were warranted in the RFC based on this impairment." (Doc. 15, PageID 2453.) But the ALJ's failure to follow the applicable Social Security regulations and rulings, standing alone, warrants reversal. Moreover, there is evidence in the record from which the ALJ could have concluded that obesity required additional limitations.

According to SSR 02-1p, obesity "may increase the severity of coexisting or related impairments . . ." and "[t]his is especially true of musculoskeletal, respiratory, and cardiovascular impairments." 2002 WL 34686281, at *5 (Sept. 12, 2002). In this case, osteoarthritis of the knees, right hip, and left ankle are musculoskeletal in nature, and Plaintiff also has a severe respiratory condition of COPD. (Doc. 10-2, PageID 58.) Plaintiff's providers documented abnormalities, such as weakness, tenderness, limited range of motion, pain upon straight leg raising, and an irregular gait, in conjunction with BMI levels exceeding 40. (Doc. 10-13, PageID 2120, 2128, 2132, 2147, 2154, 2166.).

Thus, the record indicates that obesity may, in fact, exacerbate the limitations caused by Plaintiff's other severe impairments. Although Defendant insists that the limitations in the RFC fully account for Plaintiff's obesity, the ALJ made no such finding. Instead, the ALJ violated applicable Social Security regulations and reversibly erred by failing to evaluate Plaintiff's obesity pursuant to SSR 02-1p.

## VI. REMAND

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding that the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming

13

or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in this case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE ORDERED THAT**:

1.	Plaintiff's Statement of Errors (Doc. 12) is GRANTED;

2.	The Court REVERSES the Commissioner's non-disability determination;

3.	No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4.	This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5.	This case is terminated on the Court's docket.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

14